IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** : | **Chapter 11 Case No.** |
| : | **10-40395** |
| **Probe Resources US Ltd.**[1] : | |
|    24 Waterway, Suite 1450 : | |
|    The Woodlands, TX 77380 : | |
|    Tax ID #: 26-xxx0456 : | |
| : | |
|        **Debtor** : | |
| : | |

**APPLICATION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF SUZANNE AMBROSE
AND AMBROSE CONSULTING, LLC AS FINANCIAL ADVISOR
ON AN INTERIM BASIS AND SETTING FINAL HEARING**

**Now into Court,** through undersigned counsel, come Probe Resources US Ltd., Probe Resources Energy Marketing US Ltd., Probe High Island 115 Ltd., and Probe ST 214 Ltd., as debtors and debtors-in-possession (referred to herein as the "Debtor" or collectively, the "Debtors"), who hereby move the Court for entry of an order under Section 327(a) of Chapter 11 of Title 11 of the U.S. Code (the "Bankruptcy Code"), authorizing the Debtors' employment of Suzanne Ambrose and Ambrose Consulting, LLC, as financial advisor, as more fully described below, and for entry of an Interim Order granting relief pending the final hearing on this request (the "Application"). In support of this Application, the Debtors respectfully state as follows:

**JURISDICTION**

1. This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1134 and 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**CORE PROCEEDING**

---

[1] Probe Resources Energy Marketing US Ltd., Probe High Island 115 Ltd., and Probe ST 214 Ltd. have moved for their bankruptcy cases to be jointly administered with Probe Resources US Ltd.

{00309895-1}                                                                                                                                                      1

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## PROCEDURE

3. Procedurally, this matter is governed by Bankruptcy Code Sections 327, 328, 330 and 331 and Federal Rules of Bankruptcy Procedure 2014(a), 2016 and 5002.

## BACKGROUND

4. On November 16, 2010 (the "Petition Date") the Debtors commenced their cases by filing separate voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code. In connection with the filing, the Debtors filed a Motion for Joint Administration, requesting joint administration of the Debtors' cases for procedural purposes only, pursuant to Federal Rule of Bankruptcy Procedure 1015(b). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code §§ 1107 and 1108. No Trustees have been appointed herein and no Official Committees of Unsecured Creditors have, at this time, been appointed or designated in the Debtors' cases.

5. The Debtors refer the Court to paragraphs 4 through 13 of the Motion for Joint Administration for a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these Chapter 11 cases.

## RELIEF REQUESTED

6. By this Application, the Debtors seek to employ and retain Ms. Suzanne Ambrose ("Ms. Ambrose") and Ambrose Consulting, LLC ("Ambrose Consulting," and together with Suzanne Ambrose, "Ambrose") pursuant to section 327(a) of the Bankruptcy Code to perform financial advisory services for the Debtors in these chapter 11 cases, *nunc pro tunc* to the Petition Date.

7. Ambrose has agreed to serve as the Debtors' financial advisor. In this capacity, Ambrose will provide financial advisory services to assist the Debtors in their operations and restructuring efforts, including negotiating with parties-in-interest, and coordinating with the working group of the Debtors' management, employees and external professionals who are assisting the Debtors in their restructuring.

8. The Debtors are familiar with the professional standing and reputation of Ambrose. The Debtors understand that Ms. Ambrose has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services she has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States. Such experience and knowledge will be valuable to the Debtors in their efforts to reorganize. Accordingly, the Debtors wish to retain Ambrose to provide assistance during these cases.

10. The services of Ambrose are deemed necessary to enable the Debtors to maximize the value of their estates and to reorganize successfully. Further, Ambrose is well qualified and able to represent the Debtors in a cost-effective, efficient and timely manner.

## SCOPE OF SERVICES

11. Ambrose will provide such financial advisory services as Ambrose and the Debtors deem appropriate and feasible in order to advise the Debtors in the course of these chapter 11 cases, including but not limited to the following:

- Assistance to the Debtors in the preparation of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Debtors with information and analyses required pursuant to any

   Debtor-In-Possession ("DIP") financing including, but not limited to, preparation for hearings regarding the use of cash collateral and DIP financing;

- Assistance with the identification and implementation of short-term cash management procedures;

- Advisory assistance in connection with the development and implementation of key employee retention and other critical employee benefit programs;

- Assistance and advice to the Debtors with respect to the identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with the identification of executory contracts and leases and performance of cost/benefit evaluations with respect to the affirmation or rejection of each;

- Assistance regarding the valuation of the present level of operations and identification of areas of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

- Assistance in the preparation of financial information for distribution to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with potential investors, banks and other secured lenders, any official committee(s) appointed in these chapter 11 cases, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Analysis of creditor claims by type, entity and individual claim, including assistance with development of databases, as necessary, to track such claims;

- Assistance in the preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Litigation advisory services with respect to accounting and tax matters, along with expert witness testimony on case related issues as required by the Debtor

- Analysis of oil and gas reserves;

- Review of internal controls, procedures and processes; and

- Render such other general business consulting or such other assistance as Debtors' management or counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding.

**Ambrose's Disinterestedness**

12. Ambrose has informed the Debtors that, except as may be set forth in the Affidavit of Ms. Ambrose (the "Ambrose Affidavit"), it (i) has no connection with the Debtors, their creditors or other parties in interest in this case, (ii) does not hold any interest adverse to the Debtors' estates, and (iii) believes it is a "disinterested person" as defined within Section 101(14) of the Bankruptcy Code.

13. Ambrose will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, Ambrose will supplement its disclosure to the Court.

14. Ambrose has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

**Terms of Retention**

15. The customary hourly rate, subject to periodic adjustments, charged by Ms. Ambrose is $250 per hour. Ambrose received a retainer in the sum of $25,000.00 from Energy Spectrum Advisors, Inc. Of that amount, $4,356.75 has been applied as payment for financial advisory services rendered and expenses incurred prepetition. The remaining $20,643.25 will serve as security and a general retainer for financial advisory services to be rendered postpetition. Up to and including the Petition Date, Ambrose provided prepetition services and incurred prepetition expenses in connection with the Debtors' Chapter 11 proceedings. As of the Petition Date, Ambrose believes that

the Debtors do not owe Ambrose for services rendered in assisting the Debtors with preparing these cases for filing.

16.	The Debtors understand that Ambrose intends to apply to the Court for allowances of compensation and reimbursement of expenses for financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the United States Trustee.

17.	In addition to the compensation set forth above, the Debtors shall pay directly or reimburse Ambrose upon receipt of periodic billings, for all reasonable out-of-pocket expenses incurred in connection with this assignment by Ambrose in providing the services as outlined herein.

18.	Ambrose should be employed under a general retainer because of the variety and complexity of the services that will be required during these proceedings. Thus, the postpetition retainer of $20,643.25 will serve as a general retainer.

### Dispute Resolution Provisions

19.	The Debtor and Ambrose have agreed, subject to the Court's approval of this Application, that: (a) any controversy or claim with respect to, in connection with, arising out of, or in any way related to this Application or the services provided by Ambrose to the Debtors as outlined in this Application, including any matter involving a successor in interest or agent of any of the Debtors or of Ambrose, shall be brought in the Bankruptcy Court or the District Court for the Southern District of Texas, Houston Division (if the reference is withdrawn); (b) Ambrose and the Debtors and any and all

successors and assigns thereof, consent to the jurisdiction and venue of such court as the sole and exclusive forum (unless such court does not have or retain jurisdiction over such claims or controversies) for the resolution of such claims, causes of actions or lawsuits; (c) Ambrose and the Debtors, and any and all successors and assigns thereof, waive trial by jury, such waiver being informed and freely made; (d) if the Bankruptcy Court, or the District Court (if the reference is withdrawn), does not have or retain jurisdiction over the foregoing claims and controversies, Ambrose and the Debtors, and any and all successors and assigns thereof, will submit first to non-binding mediation; and, if mediation is not successful, then to binding arbitration; and (e) judgment on any arbitration award may be entered in any court having proper jurisdiction. By this Application, the Debtors seek approval of this agreement by the Court. Further, Ambrose has agreed not to raise or assert any defense based upon jurisdiction, venue, abstention or otherwise to the jurisdiction and venue of the Bankruptcy Court or the District Court for the Southern District of Texas, Houston Division (if the reference is withdrawn) to hear or determine any controversy or claims with respect to, in connection with, arising out of, or in any way related to this Application or the services provided hereunder.

### Need for Interim Relief

20. The Debtors require the immediate services of Ambrose in negotiation and preparation of budgets for operation during the pendency of the bankruptcy cases as well as preparation of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, and the Statements of Financial Affairs.

23. For this reason, the Debtors request that this Court enter an interim order authorizing Ambrose to commence performing under the engagement letter immediately

pending full notice to all parties at interest and entry of a final order for relief.

## Notice

24. Notice of this Motion has been given to: (a) the Office of the United States Trustee for the Southern District of Texas; (b) K-2 Principal Fund; (c) K2 Principal Fund, L.P.; (d) the initial Debtors; (e) Debtors' top twenty creditors as filed with the Petitions; and (f) all parties who request notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

25. No prior Application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Interim Order, substantially in the form attached hereto and after notice and hearing enter a Final Order, granting the relief requested herein and such other and further relief as the Court deems just and proper.

    /s/Douglas S. Draper
Douglas S. Draper (Fed Bar Id # 33078)
William H. Patrick, III (LA Bar No. 10359)
Leslie A. Collins (LA Bar No. 14891)
**Heller, Draper, Hayden, Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: wpatrick@hellerdraper.com
E-mail: lcollins@hellerdraper.com
*Attorneys for the Debtors and Debtors-in-Possession*