## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | 10-40395 |
| **Probe Resources US Ltd.**[1] | : | |
| 24 Waterway, Suite 1450 | : | **(Joint Administration Requested)** |
| The Woodlands, TX 77380 | : | |
| Tax ID #: 26-xxx0456 | : | |
| | : | |
| Debtor | : | |

**ATTORNEY CHECKLIST CONCERNING MOTION AND ORDER
AUTHORIZING THE DEBTORS TO (I) ENTER INTO POST-PETITION FINANCING
AND OBTAIN POST-PETITION FINANCING; (II) AUTHORIZING USE OF CASH
COLLATERAL; (III) GRANTING SECURITY INTEREST AND SUPERPRIORITY
CLAIMS; (IV) GRANTING ADEQUATE PROTECTION; (V) MODIFYING
AUTOMATIC STAY; AND (VI) SCHEDULING A FINAL HEARING ON THE MOTION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Probe Resources US Ltd., Probe ST 214 Ltd., Probe High Island 115 Ltd., and Probe Resources

Energy Marketing US Ltd., as debtors and debtors-in-possession, (collectively the "Debtors") and through

their undersigned counsel, hereby file this Attorney Checklist Concerning *Motion and Order Authorizing*

*the Debtors to (I) Enter into Post-Petition Financing and Obtain Post-Petition Financing; (ii) Authorizing*

*the Use of Cash Collateral; (III) Granting Security Interest and Superpriority Claims; (IV) Granting*

*Adequate Protection; (V) Modifying Automatic Stay; and (VI) Scheduling a Final Hearing on the Motion.*

---

[1] Probe ST 214 Ltd., Probe High Island 115 Ltd., and Probe Resources Energy Marketing US Ltd., have moved for their bankruptcy cases to be jointly administered with Probe Resources US Ltd.

00310290-4                                      1

1.      __Identification of Proceeding__:

      (a)      Preliminary or final motion/order      Preliminary

      (b)      Continuing use of cash collateral (§ 363)      Y

      (c)       New financing (§ 364)      Y

      (d)      Combination of §§ 363 and 364 financing      Y

      (e)      Emergency hearing (immediate and irreparable harm)      Y

2.      __Stipulations__:

      (a)      Brief history of debtors' businesses and status of debtors'
prior relationships with lender      Y

      (b)      Brief statement of purpose and necessity of financing      Y

      (c)      Brief statement of type of financing (*i.e.*, accounts
receivable, inventory)      Y

      (d)      Are lender's prepetition security interest(s) and liens
deemed valid, fully perfected and non-avoidable      Both

            (i)      Are there provisions to allow for objections to
above?      Y

      (e)      Is there a postpetition financing agreement between
lender and debtor?      Y
(To come prior to DIP advances)

      (i)      If so, is agreement attached?      **N**
      Note - postpetition agreement to be submitted

      (f)      If there is an agreement, are lender's postpetition security
interests and liens deemed valid, fully perfected, and non-avoidable?      Y

      (g)      Is lender undersecured or oversecured?      Undersecured

      (h)      Has lender's non-cash collateral been appraised?      Y[2]

            (i)      Insert date of latest appraisal      5/31/2010

      (i)      Is debtor's proposed budget attached?      Y

      (j)      Are all prepetition loan documents identified?      Y

      (k)      Are prepetition liens on single or multiple assets?      Multiple

      (l)      Are there prepetition guaranties of debt?      Y

            (i)      Limited or unlimited      unlimited

3.      __Grant of Liens__.

      (a)      Do postpetition liens secure prepetition debts?      N

      (b)      Is there cross-collateralization?      Y

      (c)      Is the priority of postpetition liens equal to or higher
than existing liens?      Y

---

[2] Independent reserve report prepared by NSAI

(d)    Do postpetition liens have retroactive effect?      N

(e)    Are there restrictions on granting further liens or liens
of equal or higher priority?      Y

(f)    Is lender given liens on claims under §§ 506(c), 544-50
and §§ 552?

(Only liens on any claims arising under § 506(c) and § 552 Claims.)      Y

    (i)    Are lender's attorneys fees to be paid?      Y

    (ii)    Are debtors' attorneys fees excepted from § 506(c)      Y

g)    Is lender given liens upon proceeds of causes of action
under §§ 544, 547 and 548?      N

**4.**      <u>**Administrative Priority Claims**</u>:

(a)    Is lender given an administrative priority?      Y

(b)    Is administrative priority higher than § 507(a)?      Y by virtue of 507(b)

(c)    Is there a conversion of pre-petition secured claim to
post-petition administrative claim by virtue of use of
existing collateral?      Y

**5.**      <u>**Adequate Protection (§ 361)**</u>:

(a)    Is there post-petition debt service?      Y

(There will be a post-petition debt service on DIP loan only -
the exact terms have not been agreed to at this time).

(b)    Is there a replacement/additional § 361 lien?      Y

(c)    Is the lender's claim given super-priority?

(§ 364(d))      Y

§507(B)(Diminution of Value Only)

Lender's diminution claim is given superpriority . Lender
gets all § 364 protections

(d)    Are there guaranties?      Y

(e)    Is there adequate insurance coverage?      Y

(f)    Other?

**6.**      <u>**Waiver/Release Claims v. Lender**</u>:

(a)    Debtor waives or release claims against lender, including,
but not limited to, claims under §§ 506(c), 544-50, 552,
and 553 of the Code?      Y

(b)    Does the debtor waive defenses to claim or liens of
lender?      Y

**7.**    **Source of Postpetition Financing (§ 364 Financing)**:

(a)    Is the proposed lender also the prepetition lender?                                                         Y
(b)    New post-petition lender?                                                                                             N
(c)    Is the lender an insider?                                                                                             N

**8.**    **Modification of Stay**:

(a)    Is any modified lift of stay allowed?                                                                         Y
(b)    Will the automatic stay be lifted to permit lender to
       exercise self-help upon default without further order?                                                Y[3]
(c)    Are there any other remedies exercisable without
       further order of court?                                                                                             Y[4]
       (default interest, acceleration of debt, termination of agreed use of
       cash collateral and termination of DIP Facility)
(d)    Is there a provision that any future modification of
       order shall not affect status of debtor's postpetition
       obligations to lender?                                                                                             Y

**9.**    **Creditors' Committee**:

(a)    Has creditors' committee been appointed?                                                             N
(b)    Does creditors' committee approve of proposed financing?                                    N/A

**10.**    **Restrictions on Parties in Interest**:

(a)    Is a plan proponent restricted in any manner, concerning
       modification of lender's rights, liens and/or causes?                                           Y
(b)    Is the debtor prohibited from seeking to enjoin the lender
       in pursuit of rights?                                                                                             Y
       (Debtors waive claims against lender; debtors may seek emergency
       use of cash collateral if DIP Loan terminates)
(c)    Is any party in interest prohibited from seeking to modify
       this order? (Only Debtors)                                                                                   Y
(d)    Is the entry of any order conditioned upon payment of
       debt to lender?
       (DIP Loan defaults if plan (and thus confirmation order) does not                         Y
       provide for payment of lender)

---

[3]       After three (3) day notice.
[4]       After three (3) day notice.

(e)     Is the order binding on subsequent trustee on
conversion?     Y

11.    **Nunc Pro Tunc**:

(a)     Does any provision have retroactive effect?     Y
(Covers funding by Lender immediately before and since filing)

12.    **Notice and Other Procedures**:

| | | |
|---|---|---|
| (a) | Is shortened notice requested? | Y |
| (b) | Is notice requested to shortened list? | Y |
| (c) | Is time to respond to be shortened? | Y |
| (d) | If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? | N/A |
| (e) | If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? | Y |
| (f) | Is a Certificate of Conference included? | To be Provided |
| (g) | Is a Certificate of Service included? | To be Provided |
| (h) | Is there verification of transmittal to U.S. Trustee included pursuant to Rule 9034? | Y |
| (i) | Has an agreement been reached subsequent to filing motion? | N/A |
| | (i) If so, has notice of the agreement been served pursuant to Rule 4001(d)(1)? | N/A |
| | (ii) Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? | N/A |
| | (iii) Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? | N/A |
| | (iv) Does the motion provide for opportunity for hearing pursuant to Rule 9014? | |

## CERTIFICATE BY COUNSEL

This is to certify that the checklist[5] fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order based on the current information available.

November 24, 2010

/s/Douglas S. Draper
Douglas S. Draper (Fed Bar Id # 33078)
William H. Patrick, III (LA Bar No. 10359)
Leslie A. Collins (LA Bar No. 14891)
**Heller, Draper, Hayden, Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: wpatrick@hellerdraper.com
E-mail: lcollins@hellerdraper.com

*Attorneys for the Debtors and*
*Debtors-in-Possession*

---

[5]       Nothing contained herein shall have any binding or preclusive effect on the Debtors or any interested party; rather this checklist is provided only to comply with the Local Rules. Accordingly, the Motion for Approval of Interim and Final PostPetition Financing and Use of Cash Collateral shall be controlling if there are any inconsistencies as compared to this checklist.

00310290-4                                          6