IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** : | **Chapter 11 Case No.** |
| : | **10-40395** |
| **Probe Resources US Ltd.**[1] : | |
|    24 Waterway, Suite 1450 : | |
|    The Woodlands, TX 77380 : | |
|    Tax ID #: 26-xxx0456 : | |
| : | |
|       **Debtors** : | |
| : | |

**MOTION FOR ORDER APPROVING AND AUTHORIZING DEBTORS TO ENTER
INTO PLAN SUPPORT AGREEMENT
PURSUANT TO 11 U.S.C. §105**

**NOW INTO COURT**, through the undersigned counsel, come Probe Resources US Ltd. ("Probe") and its affiliates, as debtors-in-possession (collectively, the "Debtors"), who respectfully move this Court for an order approving and authorizing Debtors to enter into the Restructuring, Lockup and Plan Support Agreement attached hereto as Exhibit 1 (the "Lockup Agreement"), between the Debtors, The K2 Principal Fund, L.P., and Jeffery A. Compton in his capacity as Creditors' Agent under that certain Debt Restructuring Agreement, as amended (the Debtors, The K2 Principal Fund, L.P. ("K2"), and Jeffrey A. Compton (the "Creditors' Agent") are from time to time collectively referenced herein as the "Parties"), and respectfully represent as follows:

**Jurisdiction**

---

[1] Probe St 214 Ltd. (10-40396), Probe High Island 115 Ltd. (10-40397), Probe Resources Energy Marketing US Ltd.(10-403098), and Probe Resources Ltd. (10-41286) have moved for their bankruptcy cases to be jointly administered with Probe Resources US Ltd.

{00311657-1}                                        1

1.       This Court has jurisdiction to consider this Motion Pursuant to 28 U.S.C. Section 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## Background

2.       On November 16, 2010 certain of the Debtors filed for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). On December 8, 2010, Probe Resources, Ltd. filed for relief under Chapter 11 of the Bankruptcy Code. All of the Debtors have moved this Court for entry of orders granting joint administration of their chapter 11 cases for procedural purposes only. Since their respective filings, the Debtors have continued to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.       To date, the Office of the United States Trustee has not appointed an Unsecured Creditors' Committee. The Section 341 meeting was conducted on December 14, 2010 at 2:00 p.m. and was continued to January 25, 2011 at 2:00 p.m.

4.       The Debtors believe that an accelerated and efficient reorganization is vital to ensure that they remain a going concern.

5.       Accordingly, the Debtors have been working closely with K2 and the Creditors' Agent and have reached an agreement on the principal terms for a chapter 11 plan of reorganization and the primary conforming plan terms to be filed in these bankruptcy cases. The Debtors believe that a chapter 11 plan of reorganization based on the Lockup Agreement will preserve value and keep the Debtors operating as a going concern without business disruptions. By reaching an agreement on the Lockup Agreement with K2 and the Creditors' Agent, the Debtors believe that they are on the verge of a successful reorganization.

6. The Debtors, K2 and the Creditors' Agent have agreed to enter into a Lockup Agreement substantially in the form of the agreement attached hereto and made a part hereof as Exhibit "1"). The purpose of the Lockup Agreement is two fold: (a) it memorializes how the Parties envision implementing the plan of reorganization process; and (b) it provides assurances to the Debtors that, subject to the limitations contained in the Lockup Agreement, K2 and the Creditors' Agent will support the chapter 11 plan of reorganization as detailed in the Lockup Agreement.

### Relief Requested

7. By this Motion, the Debtors, with the support of K2 and the Creditors' Agent, seek entry of an order, pursuant to Bankruptcy code section 105, approving the Lockup Agreement by and between the Debtors, K2, and the Creditors' Agent.

### Basis for Relief

8. The statutory predicate for the relief sought herein is section 105 of the Bankruptcy Code.

9. Pursuant to the Lockup Agreement, the Debtors will file a Plan and Disclosure Statement consistent with the terms and conditions of the Lockup Agreement. Subject to approval of the Lockup Agreement (and the terms set forth therein), the Debtors, K2 and the Creditors' Agent will support the plan of reorganization. The approval of the Lockup Agreement will assist in expediting the restructuring of the Debtors and the confirmation of a plan of reorganization.

### Proposed Lockup Agreement[2]

---

[2] To the extent that the summary in this Motion differs in any way from the terms and conditions of the Lockup Agreement, the Lockup Agreement shall control.

{00311657-1}   3

10. The Lockup Agreement contains terms and conditions for a plan structure that conforms to the following:

Allowed Secured Claims of K2. On the effective date of the Conforming Plan, K2 will receive hundred percent (100%) of the number of the shares of new common stock to be issued by the Debtors. K2 shall appoint the directors and designate management of the reorganized Debtors under the Conforming Plan. The reorganized Debtors shall enter into all documents relating to the Advancing Facility (defined below) and the Post Confirmation Term Loan Agreement (defined below). K2 shall receive the obligations under the documents and instruments relating to (i) the Advancing Facility, (ii) any 246 Facility, and (iii) the Post Confirmation Term Loan Agreement. The Post Confirmation Term Note shall be issued to K2, with a 10% participation interest to the Liquidating Trust.

Conveyance of Participation Interest in Pre-Petition Claims Against Probe Resources Ltd. K2 shall gift ten percent (10%) of any newly issued common stock it receives on account of its claims against Probe Resources, Ltd. to the Liquidating Trust for the benefit of DRA Class 1 and 3 Joining Creditors.

Allowed Secured Claim of the Creditors' Agent for the Benefit of DRA Class 1 and Class 3 Joining Creditors.

On the effective date of the Conforming Plan, the Creditors' Agent shall distribute any funds held by the Creditors' Agent pursuant to the DRA, to the DRA Class 1 and Class 3 Joining Creditors.[3] DRA Joining Creditors shall receive a beneficial interest in designated Liquidating Trust assets (specifically, the DRA Class 1 and Class 3 Joining Creditors deposits below) and be entitled to distributions therefrom as outlined below in satisfaction of the lien of the Creditors'

---

[3] It is understood that such funds would not include amounts received by the Creditors' Agent after November 16, 2010.

Agent and any allowed secured claims of DRA Joining Creditors, which may exist by and through the lien of the Creditors' Agent. The value of the beneficial interest provided to DRA Joining Creditors' claims shall be computed based on the original principal amount of the Post Confirmation Term Note and each creditor's beneficial interest therein.

<u>Treatment of Statutory Mineral Lien Claims/M&M Liens of Joining Creditors</u>. Any claims for statutory liens/mechanic's and materialmen's liens of Joining Creditors shall be treated as unsecured claims.

<u>Treatment of Statutory Mineral Lien Claims/M&M Liens of other creditors.</u> Any claims for statutory lien/mechanics and materialmen's liens of other creditors shall be treated as unsecured claims.

<u>Treatment of Allowed Unsecured Claims</u>.

Holders of allowed unsecured claims shall receive a beneficial interest in designated Liquidating Trust assets (specifically the general unsecured creditors deposits below) and be entitled to distributions therefrom.

<u>Treatment of Interests in the Debtors</u>

On the Effective Date, Probe 214, Probe 115 and Probe Energy will be merged into Probe US. And, on the Effective Date, either (a) Probe Resources, Ltd. shall issue new shares of common stock sufficient to dilute existing shareholders to three percent (3%) of total outstanding shares, or (b) cancel all pre-Effective Date interests in Probe Resources, Ltd. and the holders thereof shall not receive or retain any property under the Plan on account of such interests. Option (b) above will be adopted only if an impaired class of creditors rejects the Conforming Plan. Reorganized Probe Resources, Ltd. shall retain its interests in the Reorganized Debtors (which entities will be merged into Probe US) in order to preserve the corporate structure.

Liquidating Trust

On the effective date of the Conforming Plan, a Liquidating Trust for the benefit of (a) the Class 1 and Class 3 DRA Joining Creditors, and (b) general unsecured creditors, would be established (the "Liquidating Trust").  Jeffrey A. Compton would be the initial trustee ("Trustee").  Funding for the Liquidating Trust's operating expenses shall be derived from the deposits set forth below.

Deposits for the Benefit of DRA Class 1 and Class 3 Joining Creditors.  On the effective date of the Conforming Plan, the following deposits would be made for the exclusive benefit of DRA Class 1 and Class 3 Joining Creditors:

- A ten percent (10%) participation interest in the Post Confirmation Term Loan.
- Ten percent (10%) of the new common stock issued on account of K2's claims against Probe Resources, Ltd.

Deposits for the Benefit of General Unsecured Creditors.  On the effective date of the Conforming Plan, any claims or causes of action pursuant to sections 544, 545, 547, 548, 549, 550, 551, 553(b) of the Bankruptcy Code shall be assigned to the Liquidating Trust for the benefit general unsecured creditors.

Liquidating Trust Distributions

Proceeds received by the Liquidating Trust for and on account of the DRA Class 1 and Class 3 Joining Creditors deposits outlined above, net of fees and expenses, shall be distributed (i) seventy percent (70%) to DRA Class 1 Joining Creditors pro rata, and (ii) thirty percent (30%) to DRA Class 3 Joining Creditors pro rata.

Proceeds received by the Liquidating Trust for and on account of the general unsecured creditors deposits outlined above, net of fees and expenses, shall be distributed pro rata to holders of allowed unsecured claims.

Administration of Liquidating Trust.

The Conforming Plan shall establish a Plan Administration Committee. The Trustee of the Liquidating Trust will report to the members of the Plan Administration Committee.

The Conforming Plan will set forth the Plan Administration Committee's duties with respect to oversight of the Trustee.

Releases. The Conforming Plan shall provide for the release of the following potential claims:

- Claims and causes of action against the independent directors of Probe Resources Ltd.;
- Claims and causes of action against the Creditors' Agent, the DRA Restructure Committee members and their respective agents, employees and attorneys, based upon actions taken pursuant to the DRA;
- Claims and causes of action based upon post-bankruptcy actions of the newly retained officers, including the Chief Restructuring Officer, and Probe Resources Ltd.'s outside directors;
- Any avoidance claims, including pursuant to chapter 5 of the Bankruptcy Code, with respect to pre-petition transfers to or by the Creditors' Agent under the DRA; and
- Any and all claims and causes of action against K2 and its representatives, agents, employees and attorneys, including any claims pursuant to chapter 5 of the Bankruptcy Code.

Litigation Claims and Assets. Non-Chapter 5 litigation claims and all other assets shall re-vest in the reorganized Debtors free and clear of any and all liens, claims and encumbrances.

Other Reasonable and Customary Provisions. The Conforming Plan shall contain other reasonable or customary provisions acceptable to K2 and the Debtors.

11. Means for Implementation. K2 may provide financing to the Debtors (on terms agreed upon by the Debtors and K2 and approved by the Bankruptcy Court) to fund certain case administration and operating expenses (the "Administration DIP Facility") and subject to certain term constraints provided in the Lockup Agreement. Upon the effective date of the Conforming Plan, the Administration DIP Facility would be modified, amended or otherwise converted into a

post confirmation advancing facility to be agreed upon by K2 and the Debtors, but subject to the contraints provided in the Lockup Agreement (or to the extent the Administration DIP Facility has not been previously approved by the Bankruptcy Court, closed and funded, a new exit loan facility would be prepared and approved in connection with plan confirmation).  An advancing loan agreement and related documents would be entered into by K2 and the reorganized Debtors which would provide for advances to be made to cover operating expenses (the "<u>Advancing Facility</u>").

12. On the effective date of the Conforming Plan, the reorganized Debtors shall enter into a term loan agreement with K2 ("<u>Post Confirmation Term Loan Agreement</u>") and other related loan documents, which will provide for the participation interest to the Liquidating Trust. The principal amount of the Post Confirmation Term Loan will be set between K2, Debtors, and the Creditors Agent based upon constraints set forth in the Lockup Agreement.  Other terms will be set between the Debtors and K2, subject to the constraints provided in the Lockup Agreement.

<u>**Notice**</u>

Notice of this Motion will be given (a) to the Office of the United States Trustee for the Southern District of Texas; (b) to K-2 Principal Fund; (c) to K2 Principal Fund, L.P.; (d) to Counsel for the Debtors; (e) pursuant to the limit notice directive [P-78]; and (f) to all parties who request notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.  In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE,** the Debtors, respectfully request that this Court (a) enter an order authorizing and approving the Lockup Agreement, and (b) grant the Debtors such other and further relief as is just and proper.

December 20, 2010.

                                           */s/Douglas S. Draper*
                                           Douglas S. Draper (Fed Bar Id # 33078)
                                           William H. Patrick, III (LA Bar No. 10359)
                                           Leslie A. Collins (LA Bar No. 14891)
                                           **Heller, Draper, Hayden, Patrick & Horn, LLC**
                                           650 Poydras Street, Suite 2500
                                           New Orleans, Louisiana 70130-6103
                                           Telephone: (504) 299-3300
                                           Facsimile: (504) 299-3399
                                           E-mail: ddraper@hellerdraper.com
                                           E-mail: wpatrick@hellerdraper.com
                                           E-mail: lcollins@hellerdraper.com
                                           *Attorneys for the Debtors and*
                                           *Debtors-in-Possession*