

ENTERED
01/14/2011

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | 10-40395 |
| Probe Resources US Ltd.[1] | : | |
|    24 Waterway, Suite 1450 | : | |
|    The Woodlands, TX 77380 | : | |
|    Tax ID #: 26-xxx0456 | : | (Joint Administration Requested) |
| | : | |
|    Debtor | : | |

**INTERIM AND PROPOSED FINAL ORDER, PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE: (A) PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES TO, OR DISCRIMINATING AGAINST, THE DEBTORS ON ACCOUNT OF PREPETITION AMOUNTS DUE; (B) DETERMINING THAT THE UTILITIES ARE ADEQUATELY ASSURED OF FUTURE PAYMENT; (C) ESTABLISHING PROCEDURES FOR DETERMINING REQUESTS FOR ADDITIONAL ASSURANCE; AND (D) PERMITTING UTILITY COMPANIES TO <u>OPT OUT OF THE PROCEDURES ESTABLISHED HEREIN</u>**

This Court has considered the *Motion for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the*

---

[1] Probe Resources Energy Marketing US Ltd., Probe High Island 115 Ltd., and Probe ST 214 Ltd. have moved for their bankruptcy cases to be jointly administered with Probe Resources US Ltd.

{00310245-1}                                     1

*Debtors on Account of Prepetition Amounts Due; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein* (the "Motion")[2] [P-   ] filed by Probe Resources US Ltd., Probe ST 214 Ltd., Probe High Island 115 Ltd., and Probe Resources Energy Marketing US Ltd., (individually the "Debtor", together the "Debtors"). The Court finds that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C § 157(b), and (c) notice of the Motion and the hearing thereon was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT**:

1.   The Motion is **GRANTED** as set forth herein.

2.   Subject to the procedures described below, no Utility Company may (a) alter, refuse, terminate, or discontinue utility services to, and/or discriminate against the Debtors on the basis of the commencement of their chapter 11 case or on account of outstanding prepetition invoices or (b) require additional assurance of payment, other than the Proposed Adequate Assurance, as a condition to the Debtors receiving such utility services, pending the entry of a Final Order or this order becoming a Final Order as set forth in paragraph 11 below.

3.   A Utility Company shall be entitled to an Adequate Assurance Deposit in the amount equal to the cost of one month's worth of such Utility Company's utility services provided to the Debtors as calculated by the Debtors, provided that such requesting Utility Company does not already hold a deposit equal to or greater than the Adequate Assurance

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

{00310245-1}                                             2

Deposit after deduction of any prepetition amounts owed such Utility Company (which existing deposit shall be deemed to be the Adequate Assurance Deposit).

4.  A Utility Company's request for, and acceptance of, an Adequate Assurance Deposit shall be deemed an acknowledgement and admission from the Utility Company that the Adequate Assurance Deposit is the form of adequate assurance that is satisfactory to it, within the meaning of section 366 of the Bankruptcy Code. Likewise, any Utility Company that does not request an additional Adequate Assurance Deposit by the Request Deadline, and does not file a Procedures Objection to opt out of the Adequate Assurance Procedures (as described below), shall be deemed to have adequate assurance that is satisfactory to it within the meaning of section 366 of the Bankruptcy Code. Any Adequate Assurance Deposit requested by, and provided to, any Utility Company pursuant to the procedures described herein shall be returned to the Debtors at the conclusion of their respective chapter 11 case, if not returned or applied earlier.

5.  The following Adequate Assurance Procedures are approved in all respects:

(a) Any Utility Company desiring assurance of future payment for utility service beyond the Proposed Adequate Assurance must serve a request (an "Additional Assurance Request") so that it is received by the Request Deadline at the following addresses: (i) Ambrose Consulting LLC, 52 Crestwood Circle, Sugar Land, Texas 77478 (Attn: Suzanne Ambrose), sambrose@navitasllc.com; (ii) K-2, Thompson & Knight LLP, Three Allen Center, 333 Clay Street, Suite 3300, Houston, Texas 77002-4499 (Attn: Tye C. Hancock) tye.hancock@tklaw.com; and (iii) Heller, Draper, Hayden, Patrick & Horn, L.L.P., 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130 (Attn: Leslie A. Collins), lcollins@hellerdraper.com.

(b) Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) identify the debtor(s); (iv) describe any deposits, prepayments or other security currently held by the requesting Utility Company and (v) explain why the requesting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(c) Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have the greater of (i) fourteen (14) days from the receipt of such Additional Assurance Request or (ii) thirty (30) days from the Petition Date (collectively, the "Resolution Period") to negotiate with the requesting Utility Company to resolve its Additional Assurance Request. The Resolution Period may be extended by agreement of the Debtors and the applicable Utility Company.

(d) The Debtors, in their discretion, may resolve any Additional Assurance Request by mutual agreement with the requesting Utility Company and without further order of the Court, and may, in connection with any such resolution, in their discretion, provide the requesting Utility Company with additional adequate assurance of future payment in a form satisfactory to the Utility Company, including, but not limited to, cash deposits, prepayments and/or other forms of security, if the Debtors believe such additional assurance is reasonable.

(e) If the Debtors determine that an Additional Assurance Request is not reasonable, and is not able to resolve such request during the Resolution Period, the Debtors, during or immediately after the Resolution Period, will request a hearing before this Court to determine the adequacy of assurances of payment made to the requesting Utility Company (the "Determination Hearing"), pursuant to section 366(c)(3)(A) of the Bankruptcy Code.[3]

(f) Pending the resolution of the Additional Assurance Request at a Determination Hearing, the Utility Company making such request shall be restrained from discontinuing, altering or refusing service to the Debtors on account of unpaid charges for prepetition services, or on account of any objections to the Proposed Adequate Assurance.

(g) Other than through the Opt-Out Procedures (as such term is defined below), any Utility Company that does not comply with the Adequate Assurance Procedures is deemed to find the Proposed Adequate Assurance satisfactory to it, and is forbidden from discontinuing, altering or refusing service on account of any unpaid prepetition charges, or requiring additional assurance of payment (other than the Proposed Adequate Assurance). The Interim Order shall be deemed the Final Order with respect to all Utility Companies that do not timely file and serve a Procedures Objection (as defined below).

6. The following Opt-Out Procedures are approved in all respects:

(a) Any Utility Company wishing to opt out of the Adequate Assurance Procedures must file an objection (the "Procedures Objection") with the Court and serve such Procedures Objection so that it is actually received Debtors within fifteen (15) days of entry of the Interim Order at the following addresses: (i) Ambrose

---

[3] Section 366(c)(3)(A) of the Bankruptcy Code provides that "[o]n request of a party interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment …" 11 U.S.C. § 366(c)(3)(A).

{00310245-1}   4

   Consulting LLC, 52 Crestwood Circle, Sugar Land, Texas 77478 (Attn: Suzanne Ambrose), sambrose@navitasllc.com; (ii) K-2, Thompson & Knight LLP, Three Allen Center, 333 Clay Street, Suite 3300, Houston, Texas 77002-4499 (Attn: Tye C. Hancock) tye.hancock@tklaw.com; and (iii) Heller, Draper, Hayden, Patrick & Horn, L.L.P., 650 Poydras Street, Suite 2500, New Orleans, Louisiana 70130 (Attn: Leslie A. Collins), lcollins@hellerdraper.com.

(b)  Each Procedures Objection must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided and the relevant account number(s); (iii) identify the debtor(s); (iv) describe any deposits, prepayments or other security currently held by the objecting Utility Company; (v) explain why the objecting Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment; and (vi) identify, and explain the basis of, the Utility Company's proposed adequate assurance requirement under section 366(c)(2) of the Bankruptcy Code.

(c)  The Debtors, in its discretion, may resolve any Procedures Objection by mutual agreement with the objecting Utility Company and without further order of the Court, and may, in connection with any such resolution and in their discretion, provide a Utility Company with additional adequate assurance of future payments, including, but not limited to, cash deposits, prepayments, or other forms of security, if the Debtors believe such additional assurance is reasonable.

(d)  If the Debtors determine that the Procedures Objection is not reasonable and are not able to reach prompt alternative resolution with the objecting Utility Company, the Procedures Objection will be heard at the Final Hearing.

(e)  Any Utility Company that does not timely file a Procedures Objection is deemed to consent to, and shall be bound by, the Adequate Assurance Procedures.

7.  A Final Hearing to resolve any Procedures Objections shall be conducted on _____ 2010 at _____ a.m., Central Time, before the Honorable Karen K. Brown, United States Bankruptcy Court, Bob Casey United States Court House, 515 Rusk Street, Courtroom 403 – 4th Floor, Texas 77002.

8.  A Utility Company shall be deemed to have adequate assurance of payment under section 366 of the Bankruptcy Code unless and until: (a) the Debtors, in their discretion, agrees to (i) an Adequate Assurance Request or (ii) an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at the Final

Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

9. The Debtors are authorized, in their sole discretion, to amend the Utility Service List to add or delete any Utility Company, and this Order shall apply to any such Utility Company that is subsequently added to the Utility Service List. Nothing herein constitutes a finding that any entity is or is not a Utility Company hereunder or under section 366 of the Bankruptcy Code, whether or not such entity is listed on the Utility Service List.

10. Any and all payments made pursuant to this Motion shall be subject to any debtor-in-possession financing budget and loan availability pursuant to such financing.

11. The Debtors shall serve a copy of this Order on each Utility Company listed on the Utility Service List within two business days of the date this Order is entered, and shall also serve this Order on each Utility Company subsequently added by the Debtors to the Utility Service List.

12. The terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry. The Interim Order shall be deemed to be the Final Order with respect to any Utility Company that does not file a timely Procedures Objection as described herein.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.

### END OF ORDER ###

JAN 1 3 2011



{00310245-1}                                              6

This order was prepared and being submitted by:

Douglas S. Draper (Fed Bar Id # 33078)
William H. Patrick, III (LA Bar No. 10359)
Leslie A. Collins (LA Bar No. 14891)
**Heller, Draper, Hayden, Patrick & Horn, LLC**
650 Poydras Street, Suite 2500
New Orleans, Louisiana 70130-6103
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
E-mail: ddraper@hellerdraper.com
E-mail: wpatrick@hellerdraper.com
E-mail: lcollins@hellerdraper.com
*Attorneys for the Debtors and*
*Debtors-in-Possession*